# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—APRIL TERM, 1901.

## F. H. Ward et al., Partners as Ward Brothers, v. Athens Mining Co.

1. BURDEN OF PROOF—*Under the General Issue in Assumpsit.*—The plea of the general issue puts upon the plaintiff the burden of not only proving the contract but also the breach of it as assigned in his declaration.

2. EVIDENCE—*What Is Admissible Under the General Issue.*—Under the plea of the general issue in assumpsit, the defendant may give evidence that the contract sued upon was void or voidable in law; or if good in point of law, that it was performed by payment or otherwise; or if unperformed, that there was some legal excuse for the non-performance—as, a release or discharge before breach, or non-performance by the plaintiff of a condition precedent.

3. SAME—*In Assumpsit Under the General Issue.*—The question in assumpsit under the general issue, is whether there was a subsisting debt or cause of action at the time of commencing the suit; anything which goes in discharge of the promise upon which the action is founded, is admissible under the general issue, and any matter which shows that the plaintiff never had a cause of action may also be given in evidence under this plea.

4. SAME—*Of Rescission of Contracts Under the General Issue in Assumpsit.*—Evidence of the rescission of the contract sued upon, is properly admissible in evidence, under the general issue in actions of assumpsit.

Assumpsit, on a contract of sale. Error to the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901. Rehearing denied October 3, 1901.

(227)

F. J. O'BRIEN and SHEEN & MILLER, attorneys for plaintiffs in error.

WINSLOW EVANS, attorney for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in assumpsit brought by appellants, constituting a firm known as Ward Brothers, who were retail coal dealers in Peoria, Illinois, against appellee, a corporation engaged in mining coal at Athens, Illinois. On October 4, 1899, appellants entered into a written contract with the board of school inspectors of the city of Peoria to furnish all the coal required for the various school buildings in said city, for the year ending June 1, 1900. The coal was to be from the Athens mine and to be delivered as fast as needed in any and all of the school buildings. Appellants were to receive pay monthly for the coal delivered at the rate of $1.87½ per ton for mine run coal and $2 per ton for screened lump coal. On the same day the same parties entered into another written contract whereby it was agreed that appellants should furnish coal under said contract in car load lots, free upon the tracks in Peoria, and that the school inspectors should take the same from the cars and deliver it at said school buildings, and as an allowance for hauling said coal to the various school buildings, said school inspectors should be permitted to deduct from all bills for coal payable to appellants, the sum of twenty-five cents per ton; that appellants should cause to be sent to the superintendent of schools, from the mines, the weights of the coal loaded upon the cars so sent and that settlement should be made upon the weights furnished by the mine, or in the event of failure of the mine to furnish correct weights, then upon weights obtained from the railway company transporting the coal. The intention of the second contract, as stated therein, was to permit the school inspectors to obtain the coal in car load lots and deliver it through their own employes at the various buildings and receive a deduction from the agreed price of twenty-five cents a ton for so doing; and also to relieve appellants

of all responsibility of delivering coal from the cars to the school buildings.   Appellants then applied to Lee Kincaid, appellee's manager, for coal to fill the contract.   Kincaid agreed, on behalf of appellee, to furnish the coal free on board cars in Peoria at $1.30 per ton for the mine run coal. Frank H. Ward, representing appellants, said it would take two car loads per day to fill his contract and Kincaid agreed to furnish that amount.   It was also agreed that the coal should be shipped to H. W. Lynch, who was mayor of the city, and that he should receive pay for the same directly from the school board and not through appellants. Under the contract four car loads of coal were shipped by appellee, two on October 10 and two on October 11, 1899, and turned over to appellants.   Of these four cars, one was sold and delivered by appellants to one of their customers named Luthy and the others delivered to the parties hauling for the school inspectors.   It is also claimed by appellee that three wagon loads were taken by appellants from the cars turned over by them to the schools and sold to other customers of theirs, but this is denied by appellant Frank H. Ward.   It was at once learned by the school board that part of the coal shipped to Mr. Lynch for them had been diverted to other uses and Mr. Stevens, a member of the board, immediately notified appellants that their action was unsatisfactory; that the contract was canceled and that the board would not take any more coal from them.   Notice of the condition of affairs also came to the knowledge of Kincaid and he thereupon refused to furnish appellants any more coal.   Athens coal was, however, delivered to the schools by other parties to the amount of about 2,250 tons.   After the expiration of the school year, appellants brought this suit against the mining company, Lee Kincaid and H. W. Lynch, to recover damages for the failure of the company to deliver the coal under the contract between them.

The declaration contains two special counts based upon the oral contract between appellants and appellee for the delivery of coal as above set forth, its breach alleging

also special damages arising out of the inability to fill the contract of appellants with the school inspectors. The declaration also contains the common counts. The only pleas filed were the general issue and denial of joint liability. Upon the trial the case was dismissed as to Kincaid and Lynch, so that the only plea left in force was that of the general issue.

Appellants claim that they had a profit of $32\frac{1}{2}$ cents a ton under their contracts with appellee and the school inspectors, and that they are entitled to that much upon each ton of coal used by the school inspectors during the year. The jury before which the case was tried found the issues for the appellee and there was a judgment against appellants for costs.

Appellants insist that under a plea of the general issue a rescission of the contract for their default can not be proven. This position, however, is not correct. The plea of general issue puts upon the plaintiff the burden of not only proving the contract as alleged, but also the breach as assigned in the declaration. Under the general issue in assumpsit the defendant may give in evidence that the contract was void or voidable in law. Or if good in point of law, that it was performed by payment or otherwise; or if unperformed, that there was some legal excuse for the non-performance of it as a release or discharge before breach or non-performance by the plaintiff of a condition precedent, etc. * * * In short, the question in assumpsit upon the general issue is whether there was a subsisting debt or cause of action at the time of commencing the suit. * * * Formerly, matters in discharge of the action must have been pleaded specially; afterward a distinction was made between express and implied assumpsits. In the former these matters were still required to be pleaded, but not in the latter. At length, about the time of Lord Holt, they were universally allowed to be given in evidence under the general issue. (1 Tidd's Practice, 591, and note N.) Almost anything which goes in discharge of a promise is admissible in evidence under the general issue, so any mat-

ter which shows that the plaintiff never had a cause of action may be given in evidence under the plea of non-assumpsit, and most matters in discharge of the action, which show that at the commencement of the suit there was no subsisting cause of action, may be taken advantage of under this issue. (Puterbaugh's Pl. and Pr. 173, and cases cited.) It was, therefore, proper to permit evidence on the part of appellee tending to show that appellants had by their action used the coal for purposes not provided for by the contract; that they had thereby forfeited the school contract, rendering it impossible for appellee to fulfill the contract to furnish coal for the school through appellants, and that the contract was, therefore, necessarily rescinded. That appellee was justified by the facts in refusing to continue to furnish coal to appellants is apparent from the evidence. Appellant Frank H. Ward himself testifies that he told Kincaid that he had the school contract and wanted two cars a day; that he wanted the coal for his school contract. Kincaid testifies that the agreement was to furnish the coal to fill the school contract. It is agreed by all the parties that a portion of the coal furnished under the contract was not turned over by appellants for the use of the schools, but was sold by them in their own private business. It is also proven that the school board thereupon refused to receive any more coal from them. Under such circumstances it became impossible for appellee, even if it had so desired, to furnish coal to the school board through appellants, and there was nothing for them to do but to cease making shipments.

Appellants claim that the court erred in its instructions by recognizing the right of appellee to refuse to furnish coal to appellants if it appeared from the evidence that appellants were not delivering the same to the school board.

Under the circumstances of this case, as above set forth, we think the court committed no error in giving instructions recognizing this theory and refusing those which did not. We find no reason in the record for reversing the judgment of the court below, and it is accordingly affirmed.